[No. A123371. First Dist., Div. One. Nov. 23, 2009.]

In re S.C., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
S.C., Defendant and Appellant.

## COUNSEL

Rita L. Swenor, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Martin S. Kaye and Michael E. Banister, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MARGULIES, J.**—Appellant S.C. was found to be a ward of the court after police discovered a switchblade knife in his pocket during a search conducted at a private residence. Appellant contends he did not violate Penal Code section 653k (hereafter section 653k), the statute governing possession of a switchblade, because he was not in a "public place or place open to the public" at the time the knife was found. Construing the language of section 653k, we conclude the statute is violated anytime a person carries a switchblade knife on his or her person, regardless of where the possession occurs. We therefore affirm.

## I. BACKGROUND

On September 15, 2008, the Sonoma County District Attorney filed an amended wardship petition for appellant under Welfare and Institutions Code section 602, subdivision (a), alleging that appellant was found in possession of a switchblade knife. (§ 653k.)

Testimony at the wardship hearing demonstrated that police were called to a residence in Petaluma to investigate a possible break-in. When the first officer arrived, he found several people in the house. After questioning one of the group, the officer concluded they were there with permission. During this conversation, appellant and three other people left the house through the front door, without any prompting from the officer.

Several other officers had responded to the scene. By the time the second testifying officer arrived, three young men, including appellant, were sitting on the porch, facing a group of officers. The testifying officer decided to search the young men, starting with appellant. He directed appellant to leave the porch and come to where he was standing on the grass. The search revealed a folding knife with a three-inch blade in the pocket of appellant's shorts. The officer determined the knife blade could be flipped open easily and concluded it was an illegal "switchblade" knife.

The juvenile court found true the allegation that appellant was in possession of a switchblade knife, determined appellant to be a ward of the court, and placed him on probation.

## II. DISCUSSION

Appellant contends he could not be found to have violated section 653k, which governs possession of switchblade knives, because he did not possess the knife in a "public place or place open to the public."[1] The Attorney General argues the statute does not require possession in a public place and, alternatively, appellant entered a public place when he walked onto the porch.

■ " ' " '[A]s with any statute, we strive to ascertain and effectuate the Legislature's intent.' " [Citations.] "Because statutory language 'generally provide[s] the most reliable indicator' of that intent [citations], we turn to the words themselves, giving them their 'usual and ordinary meanings' and construing them in context [citation]." [Citation.] If the language contains no ambiguity, we presume the Legislature meant what it said, and the plain meaning of the statute governs. [Citation.] If, however, the statutory language is susceptible of more than one reasonable construction, we can look to legislative history in aid of ascertaining legislative intent. [Citation.]' " (*People v. Allegheny Casualty Co.* (2007) 41 Cal.4th 704, 708–709 [61 Cal.Rptr.3d 689, 161 P.3d 198].) On this issue, we review the juvenile court's ruling de novo. (*Imperial Merchant Services, Inc. v. Hunt* (2009) 47 Cal.4th 381, 387 [97 Cal.Rptr.3d 464, 212 P.3d 736].)

Section 653k reads as follows: "Every person who possesses in the passenger's or driver's area of any motor vehicle in any public place or place

---

[1] We have found no published decision addressing appellant's legal argument. Appellant cites only *In re Danny H.* (2002) 104 Cal.App.4th 92, 99, footnote 11 [128 Cal.Rptr.2d 222], which merely acknowledges that section 653k contains a reference to a "public place," without addressing the application of the phrase. In *People v. White* (1991) 227 Cal.App.3d 886 [278 Cal.Rptr. 48], the defendant was charged with public intoxication under Penal Code section 647, subdivision (f) and possession of a switchblade under section 653k after being arrested on his front lawn. Although the defendant challenged his conviction under section 647 on grounds he was not in a public place at the time of the intoxication, he did not challenge the section 653k conviction on the same grounds.

open to the public, carries upon his or her person, and every person who sells, offers for sale, exposes for sale, loans, transfers, or gives to any other person a switchblade knife having a blade two or more inches in length is guilty of a misdemeanor.[2] [¶] . . . [¶] For purposes of this section, 'passenger's or driver's area' means that part of a motor vehicle which is designed to carry the driver and passengers, including any interior compartment or space therein."

■ Under the first paragraph of section 653k, there are three general ways to violate the statute, each stated in a separate clause: (1) to possess the knife in a vehicle (vehicle clause), (2) to carry it upon one's person (carrying clause), or (3) to transfer or attempt to sell the knife to another person (transfer clause). The carrying clause contains no requirement that the possession occur in a public place. Rather, the language makes it a violation for a person simply to "carr[y] upon his or her person" a switchblade knife. By having the knife in his pocket, thereby carrying it on his person, appellant violated the plain language of this clause.

The language regarding a "public place or place open to the public" occurs only in the vehicle clause, which precedes the carrying clause in the statute. The vehicle clause makes illegal not merely direct physical possession of a switchblade in a vehicle, but also maintaining a switchblade in the "passenger's or driver's area" of the car, which is defined as "that part of a motor vehicle which is designed to carry the driver and passengers, including any interior compartment or space therein." Because a violation of the vehicle clause occurs only when such constructive possession occurs in a "public place or place open to the public," however, a conviction cannot be based on the presence of a switchblade knife in the passenger area of a car when the car is located in a nonpublic place. As a result, for example, it is not a violation of section 653k to keep a switchblade in the glove compartment, as long as the car is parked in a private garage.

■ Appellant does not explain his construction of the statute, merely insisting the requirement of possession in a public place applies throughout the statute. On this issue, we find the statutory language to be unambiguous. The phrase "public place or place open to the public" occurs only in the vehicle clause, and there is no grammatical reason to conclude it was intended to apply throughout the statute or, in particular, to the carrying clause. The "public place" restriction is not contained in or linked to the carrying clause by a preposition or other grammatical device. On the contrary,

---

[2] The omitted portion of the statute establishes the legal requirements for a " 'switchblade knife.' " Appellant does not contest the finding that the knife he was carrying satisfied the statutory definition. (See *In re Angel R.* (2008) 163 Cal.App.4th 905, 911–912 [77 Cal.Rptr.3d 905] [discussing switchblade knife characteristics].)

the reference to a public place precedes and is separated from the carrying clause by a comma, punctuation normally used to divide and isolate ideas. The grammatical structure of section 653k therefore restricts application of the limitation regarding possession in a public place to the vehicle clause, the only clause that contains the limitation.

Because we find the language unambiguous in this regard, we need not refer to the statutory history or purpose for an explanation of the statute. Nonetheless, we note the legislative history supports our construction. As originally enacted in 1957, the statute stated, "Every person who carries concealed upon his person, and every person who sells, offers for sale, exposes for sale, loans, transfers, or gives to any other person a switchblade knife having a blade over two inches in length is guilty of a misdemeanor." (Stats. 1957, ch. 355, § 1, p. 999.) As originally enacted, therefore, section 653k contained no "public place" restriction and merely required the concealed possession of a switchblade upon one's person.[3] The reference to possession in a vehicle was added to the statute in 1986. The vehicle clause was inserted wholesale in its present form after the first three words of the original statute, without otherwise altering the statutory language. (Stats. 1986, ch. 1422, § 1, p. 5116.) This suggests the Legislature did not intend to alter the prior scope of the statute, but only to add an additional manner of violation: constructive possession inside a car located in a public place.

Contemporary commentary in the legislative Summary Digest confirms existing law "specifie[d] that every person who carries upon his person" or transfers a switchblade "is guilty of a misdemeanor." The new language, it was explained, "impose[s] a state-mandated local program by also making the possession of a switchblade in the passenger's or driver's area, as defined, of any motor vehicle in any public place or any place open to the public a misdemeanor." (Legis. Counsel's Dig., Assem. Bill No. 2985, 4 Stats. 1986 (1985–1986 Reg. Sess.) Summary Dig., pp. 551–552.) This makes clear the Legislature's understanding that the existing statute applied to carrying on the person in any location, and its intent to impose the "public place" limitation solely on possession in a vehicle.

While we have no indication of the Legislature's purpose in limiting vehicular possession to a public place, the limitation can be justified. A switchblade carried on the person represents a constant threat to others, whether carried in public or in private. A switchblade carried at home, for example, is dangerous to family members and house guests during an argument. Switchblades located in the passenger area of vehicles in nonpublic places, however, present little risk because people spend almost no time in

---

[3] The requirement that the knife be "concealed" was deleted in 1959. (Stats. 1959, ch. 355, § 1, p. 2278.)

vehicles when they are located in nonpublic places. The confrontational circumstances under which a switchblade stored in a vehicle might be used ordinarily would arise only in a public place.

Because the statutory language is dispositive, we do not address the Attorney General's alternative argument that appellant was in a public place when the knife was found.

### III. DISPOSITION

The judgment of the trial court is affirmed.

Marchiano, P. J., and Dondero, J., concurred.